# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60493
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THARON JAMELL TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-101-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Tharon Jamell Taylor pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. He was sentenced to a 295-month within-guidelines sentence to be followed by five years of supervised release. Taylor's base offense level was increased by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of dangerous weapon and two levels under U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2D1.1(b)(5) for importation of methamphetamine. As he did in the district court, Taylor challenges these two sentencing enhancements on appeal.

The district court's determination that the § 2D1.1(b)(1) or § 2D1.1(b)(5) enhancement applies is a factual finding that this court reviews for clear error. *United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016); *United States v. Serfass*, 684 F.3d 548, 550, 553-54 (5th Cir. 2012). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *Romans*, 823 F.3d at 317 (internal quotation marks and citation omitted).

Taylor contends that the district court erred by imposing a two-level enhancement under § 2D1.1(b)(1) based on its finding that he possessed a firearm during the offense of conviction. Section 2D1.1(b)(1) provides for a two-level upward adjustment to the defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed" during a drug offense. § 2D1.1(b)(1); *see United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001). The Government has to "show that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014). If the Government satisfies this burden, then the defendant has the burden of showing that it is clearly improbable that the firearm was connected with the offense. *Id.*

The unrebutted evidence shows that there was a controlled delivery of methamphetamine to Taylor in the parking lot of his apartment; that law enforcement officers found a set of scales, methamphetamine residue, and cutting agents in his kitchen; and that officers found Taylor's firearm on the bed in one of the bedrooms. The district court did not clearly err in applying the § 2D1.1(b)(1) enhancement. *See King*, 773 F.3d at 53; § 2D1.1, comment. (n.11(A)).

No. 18-60493

Taylor also challenges the two-level enhancement under § 2D1.1(b)(5), which provides for such an enhancement if the offense involved the importation of methamphetamine and the defendant does not receive a mitigating role adjustment.  There was evidence supporting a conclusion that the methamphetamine came from Mexico.  The district court did not clearly err by finding the § 2D1.1(b)(5) enhancement was appropriate.  *See Serfass*, 684 F.3d at 550, 553-54.

The district court's judgment is AFFIRMED.